### THE STATE v. WILLIAM F. SHUPE.

Argued February 18, 1914—Decided November 5, 1914.

1. When the general panel of jurors is drawn under an existing statute, the subsequent repealer of that statute, by an act which does not become operative until the next ensuing term, does not disqualify the panel from service upon cases which are moved after the passage of the repealing act.
2. Upon the trial of an indictment for assault with intent to commit rape, the state may prove that the prosecuting witness made complaint of the offence promptly after it had been committed, although no proof can be made of the particulars of her complaint.
3. A defendant who is tried upon an indictment found against him by the grand jury of one county, and successfully defends against it upon the ground that the criminal act was committed in an adjoining county, cannot, after his acquittal, be tried for the same offence upon an indictment found against him by the grand jury of the adjoining county.

On error to the Union Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiff in error, *William D. WolfsKeil.*

For the state, *Alfred A. Stein,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendant was convicted in the Union Oyer of an assault with intent to commit a rape upon one Mable Jones while she was taking a pleasure ride with him in his automobile.

The first attack upon the legality of the conviction is that there was harmful error in the refusal of the trial court to sustain a challenge to the array of jurors. The challenge was rested on two counts—*first,* that upon the day before the trial the prosecutor of the pleas, in explaining the case to the court upon an application by the defendant to postpone the trial, indulged in remarks before the general panel which were prejudicial to the defendant; and *second,* that the jury which tried the case was drawn from a panel which had been selected and summoned under a statute which had been repealed prior to the trial.

What was said by the prosecutor was a mere recital of the history of the case up to the date of his remarks. It is not suggested that anything which he stated was untrue, and there was nothing in them which can be said to have unquestionably prejudiced the jury against the defendant. In fact, counsel does not attempt to show us just how his client was injuriously affected by these remarks, but contents himself with the assertion that they were prejudicial. If it be assumed that prejudicial statements made by the prosecutor of the pleas in the presence of the general panel constitute a ground for challenge to the array, the trial court was justified in overruling it.

As to the contention that the jury was drawn under a non-existing statute: If it be conceded that the challenge was properly submitted, under the rule laid down in *State* v. *Barker,* 68 *N. J. L.* 19, it is without merit. The repealing act was approved May 27th, 1913, and was known as the "Fielder act." Although it became a vital statute upon its approval, it did not become operative until the next ensuing

term. The general panel of jurors had been drawn on May 19th, under the then existing statute; and that panel was legally constituted to try the cases for the then pending term.

It is further contended on behalf of the plaintiff in error that the judge erroneously permitted the prosecuting witness to testify that on her return home she told the whole story of what had happened to her mother. This testimony was competent under *State* v. *Ivins,* 36 *N. J. L.* 234, where it was held that the state may prove that the prosecutrix made complaint of the offence promptly after it had been committed against her, although it was not proper to permit proof of what the particulars of the complaint were.

The only other ground of reversal which is argued by counsel is directed at the instruction of the court to the jury that "If the defendant is acquitted of this indictment by your verdict, he cannot hereafter be tried in the county of Essex."

The assault occurred somewhere near the border line between Union and Essex counties, the proof on the part of the state showing that it occurred in Union, while that submitted by the defendant showed that it was committed in Essex, if committed at all; and the contention of the defendant was that even if the jury should find that he was guilty of the assault, they could not convict him, because the offence was not within the jurisdiction of the criminal courts of Union county. The trial court properly left it to the jury to determine whether or not the offence occurred within its jurisdiction. With the propriety of the instruction complained of we are not concerned, for the only attack made is based upon an alleged unsoundness in law. We agree with the trial judge as to the conclusive effect of the verdict of the jury in the case, and that a verdict of acquittal by them would be a complete defence against a subsequent indictment found against the defendant by a grand jury of Essex county for the same offence.

The conviction will be affirmed.